[Nos. B062500, B064182. Second Dist., Div. Five. July 29, 1992.]

ALBERT ANDRISANI, Plaintiff and Appellant, v.
SAUGUS COLONY LIMITED et al., Defendants and Respondents.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of section III (entitled Vexatious Litigant) of the Discussion.

**COUNSEL**

Albert Andrisani, in pro. per., for Plaintiff and Appellant.

Francis J. Cunningham III and Lisa V. Alter for Defendants and Respondents.

## OPINION

GRIGNON, J.—By these appeals,[1] plaintiff and appellant Albert Andrisani challenges the dismissal of his complaint for failure to post the security required following a finding by the trial court that appellant is a vexatious litigant. Appellant contends (1) the trial court was without jurisdiction—due to a pending appeal and a Code of Civil Procedure section 170.6[2] peremptory challenge—to issue the orders appealed from, and (2) the orders constitute an abuse of discretion. We dismiss the first appeal (No. B062500) as moot and, in the second appeal (No. B064182), affirm the judgment of dismissal.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant filed the instant action for quiet title on June 27, 1988. The real property at issue is comprised of 7.5 acres of undeveloped real property in Canyon Country in Northern Los Angeles County. At least six other actions have been filed by appellant with respect to his claim to possession of this property.[3]

On December 26, 1989, respondents moved for an order requiring appellant to furnish security pursuant to section 391.1. The order issued, requiring security of $2 million to be furnished. Appellant failed to furnish the required security and respondents moved to dismiss. The motion was granted, the complaint dismissed, and appellant filed his first appeal.

In an unpublished opinion filed on May 17, 1991 (No. B051238), this division reversed the order of dismissal on the ground that the order requiring $2 million in security was an abuse of discretion, since no evidence had been presented to support a security of that amount. The matter was remanded to the trial court "to conduct a hearing for the sole purpose of determining what amount of security to impose." All other orders "in connection with the vexatious litigant motion" were affirmed. We specifically affirmed the finding that appellant is a vexatious litigant.[4] We concluded, "[a]fter the trial court fixes the amount of the security, if plaintiff is unable to post it, then the trial court will be free to dismiss the case once again."

---

[1]This court hereby consolidates two appeals, No. B062500, filed on October 2, 1991, and No. B064182, filed on December 4, 1991.

[2]All future section references are to the Code of Civil Procedure, unless otherwise noted.

[3]According to the declaration of counsel for respondents, the following cases involve appellant's claim to possession of the subject real property: No. NVC2271W; No. NVC19092; No. C657407; No. NVC20269; No. NVC20449; and No. C719704.

[4]Appellant has apparently been found to be a vexatious litigant in at least 6 other lawsuits: No. NVC19092; No. NVC20269; No. NVC20449; No. NVC17402; No. NVC22251; and No. C719704. In *First Western Development Corp. v. Superior Court* (1989) 212 Cal.App.3d 860, 869-870, footnotes 8 & 9 [261 Cal.Rptr. 116], where it was observed that within a recent

Appellant petitioned for review in the Supreme Court on June 24, 1991. The petition was summarily denied on August 21, 1991. The remittitur issued on August 29, 1991.

The trial court ordered a new hearing to determine the amount of security. The hearing was held on August 15, 1991. Appellant filed opposition stating that the trial court was without jurisdiction to conduct such a hearing pending Supreme Court review of the matter. Appellant also maintained that the vexatious litigant statutes were unconstitutional, and he was in forma pauperis and, therefore, the requirement of security should be waived. Respondents filed a declaration of counsel setting forth the number and types of motions and other proceedings initiated by appellant in connection with this action, and estimating respondents' attorney fees to defend the action to be between $35,000 and $45,000. At the hearing on the amount of security, the trial court ordered appellant to furnish $42,500 in security no later than 2 p.m. on August 23, 1991.

On August 23, 1991, the trial court issued a minute order finding that appellant had failed to furnish the ordered security and granting respondents' motion to dismiss the matter. On September 3, 1991, the trial court signed and entered an order of dismissal. Appellant filed his notice of appeal on October 2, 1991 (No. B062500). On October 16, 1991, apparently realizing that the remittitur had not issued prior to its orders requiring the furnishing of security and of dismissal, the trial court issued a new order vacating the earlier orders and resetting the matter for a hearing on November 6, 1991. Appellant filed new opposition to respondents' request for security, arguing the trial court order vacating the dismissal was in excess of the court's jurisdiction since an appeal from the dismissal was pending. Appellant also argued quiet title actions must be determined on their merits as a matter of public policy; no breakdown of the requested security had been provided by respondents; the vexatious litigant statutes are unconstitutional; and the requested security constituted an attempted extortion by respondents.

The matter was called for hearing on November 6, 1991, and the trial court ordered appellant to furnish security in the sum of $42,500 on or before November 14, 1991, at 8:30 a.m. The matter was continued to that date to determine whether the security had been furnished. On November 14, 1991, the trial court found that appellant had failed to furnish security and

two-year period, appellant had filed in excess of 22 writs and appeals and more than 40 motions and petitions after judgment was entered against him in an unlawful detainer action.

granted respondents' motion to dismiss the complaint.[5] On December 11, 1991, the trial court entered an order of dismissal. Appellant filed a premature notice of appeal on December 4, 1991 (No. B064182). Appellant also filed a "Supplemental & Corrected Notice of Appeal" on January 6, 1992. We will treat the appeal as from the December 11, 1991, order of dismissal.

All of the orders described were issued by Superior Court Judge David Schacter.[6] Following the preparation of the record on appeal, appellant filed a motion urging this court to take judicial notice of his section 170.6 peremptory challenge of Judge Schacter, dated October 24, 1988; Judge Schacter's February 3, 1989, minute order noting that further matters in the case were to be heard in department NVE of the same court; and the docket sheet which reflects the filing of "170.6 Judge Schacter" on October 24, 1988, the January 6, 1989, transfer of the cause to department NVE and notes at the top of two subsequent pages, "170.6 Schacter" (beginning July 20, 1990, the notation no longer appears). Appellant's motion for judicial notice was granted.

## Discussion

This appeal does not challenge the trial court's finding that appellant is a vexatious litigant, a finding affirmed by our earlier opinion. (§ 391.) Instead, appellant contends the trial court was without jurisdiction to enter its order dismissing appellant's complaint for failure to furnish the required security, and abused its discretion in setting the amount of security, under section 391, subdivision (c) at $42,500.[7] We turn first to the jurisdictional issues.

## I. *Appellate Review*

■ Appellant contends the trial court was without jurisdiction to issue the August 15, 1991, order to furnish security, the August 23, 1991, order granting respondents' motion to dismiss, and the September 3, 1991, order of dismissal, since a petition for review of this matter was pending in the California Supreme Court until August 21, 1991, and the remittitur did not issue until August 29, 1991. Appellant also contends the trial court was

---

[5]The order of November 14, 1991, dismissed the entire case including respondents' cross-complaint. On December 11, 1991, the trial court issued an order correcting nunc pro tunc the earlier minute order by restricting the dismissal to appellant's complaint.

[6]The October 16, 1991, minute order, vacating the August 15, 1991, and August 23, 1991, orders, states at the top: "Honorable David M. Schacter Judge by: Haig Kehiayan Judge."

[7]Insofar as the statutes at issue have been held to be constitutional (*Taliaferro v. Hoogs* (1965) 236 Cal.App.2d 521 [46 Cal.Rptr. 147] citing *Cohen v. Beneficial Loan Corp.* (1949) 337 U.S. 541, 551 [93 L.Ed. 1528, 1538-1539, 69 S.Ct. 1221]), we do not address appellant's assertion to the contrary.

without jurisdiction to vacate these same orders on October 16, 1991, since his appeal from the September 3, 1991, dismissal was still pending in this court. Appellant further contends the trial court was without jurisdiction to issue the November 6, 1991, order requiring appellant to furnish security, the November 14, 1991, order granting respondents' motion to dismiss, and the December 11, 1991, order of dismissal, since his appeal from the September 3, 1991, dismissal was still pending in this court.

As a general rule, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from . . . ." (§ 916, subd. (a).) ▮ Thus, generally, the taking of an appeal by the filing of the notice of appeal deprives the trial court of jurisdiction of the cause and vests jurisdiction with the appellate court until issuance of a remittitur by the reviewing court. (*Lovret* v. *Seyfarth* (1972) 22 Cal.App.3d 841, 854 [101 Cal.Rptr. 143]; *People* v. *West Coast Shows, Inc.* (1970) 10 Cal.App.3d 462, 466 [89 Cal.Rptr. 290]; Cal. Rules of Court, rule 25.) When the remittitur issues, the jurisdiction of the appellate court terminates and the jurisdiction of the trial court reattaches. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeals, § 600.)

However, the general rule is subject to certain exceptions. "It is the settled law of California that a judgment or order which is void on its face, because its infirmity is determinable from an inspection of the judgment roll or the record, may be set aside on motion at any time after its entry by the court which rendered the judgment or made the order." (*Lovret* v. *Seyfarth, supra,* 22 Cal.App.3d at p. 854.) " '[A] court may set aside a void order at any time. An appeal will not prevent the court from at any time lopping off what has been termed a dead limb on the judicial tree—a void order.' [Citations.]" (*Ibid.*) Such a void order may be set aside on the court's motion and by a judge, other than the one who made it. (*People* v. *West Coast Shows, Inc., supra,* 10 Cal.App.3d at p. 467.) The voidness of an order made while the trial court is without jurisdiction because of a pending appeal is determinable from an inspection of the record and, therefore, the order is void on its face. (See *Sacks* v. *Superior Court* (1948) 31 Cal.2d 537, 540 [190 P.2d 602].)

The setting aside of a void order by the trial court, while an appeal is pending, renders the appeal moot and subject to dismissal. (*People* v. *West Coast Shows, Inc., supra,* 10 Cal.App.3d at p. 467.) The appeal pending on the vacated void order does not deprive the trial court of jurisdiction to reissue the order once jurisdiction has been properly obtained. (See *Svistunoff* v. *Svistunoff* (1952) 108 Cal.App.2d 638, 641-642 [239 P.2d 650], the trial court had jurisdiction to vacate order setting aside default and default

judgment void for insufficient notice of hearing while order was pending on appeal and to subsequently set aside default and default judgment on proper notice while first order was still pending on appeal; *People* v. *Blume* (1960) 183 Cal.App.2d 474, 478 [7 Cal.Rptr. 16]; cf. *Lovret* v. *Seyfarth, supra,* 22 Cal.App.3d at pp. 854-855.)

■ Appellant correctly asserts the trial court's lack of jurisdiction to issue the August 15, 1991, order to furnish security, the August 23, 1991, minute order granting the motion to dismiss the complaint, and the September 3, 1991, entry of the order of dismissal, in light of the remittitur date of August 29, 1991.[8] The trial court apparently concurred in this reasoning, since it vacated the orders complained of.

The trial court clearly had jurisdiction to vacate its void orders, made without jurisdiction, while the appeal was still pending.[9] Since those orders have been vacated, appellant is no longer aggrieved by these orders. Accordingly, his appeal from the September 3, 1991, order of dismissal is moot and subject to dismissal. Having vacated the first dismissal order, the trial court was free to conduct a new hearing and issue new orders following the summary denial of the petition for review by the Supreme Court and the issuing of the remittitur. The pending moot appeal of the vacated void orders did not deprive the court of jurisdiction.

II. *Section 170.6 Challenge*

■ Appellant also contends the trial court was without jurisdiction to enter the December 11, 1991, dismissal order, because appellant had earlier filed a section 170.6 peremptory challenge against Judge Schacter. We have taken judicial notice of the challenge, which was filed on October 24, 1988. The matter was, at that time, ordered transferred to a different department of the superior court, an order which was not followed subsequently. The reason for the failure to honor the disqualification does not appear in the record. It appears to have been inadvertent. The record does not contain any evidence that appellant brought this disqualification to the attention of Judge Schacter at the many subsequent hearings on various motions in connection with this case, including those pertaining to the furnishing of security and subsequent dismissal.

---

[8]The trial court's entry of judgment after the remittitur issued was based solely on the prior orders issued without jurisdiction.

[9]The fact that Judge Kehiayan may have issued the October 16, 1991, order, vacating the prior orders, does not change this result.

Appellant contends that upon a proper section 170.6 peremptory challenge, the challenged judge is without jurisdiction to conduct any further proceedings in the cause, and his subsequent orders are null and void. It is true that if such a challenge is properly made, it becomes effective "instantaneously and irrevocably." (*Louisiana-Pacific Corp.* v. *Philo-Lumber Co.* (1985) 163 Cal.App.3d 1212, 1219 [210 Cal.Rptr. 368].) However, such challenges may be abandoned. (*Ibid.*) "Although the cases frequently refer to the subsequent orders or judgment of a disqualified judge as absolutely void for lack of jurisdiction and thus open to attack at any time prior to final judgment [citations], it is clear that the right to urge the disqualification of a judge for most causes under section 170 and peremptorily under section 170.6 may be waived by the parties. [Citations.] Consequently, the actions of a disqualified judge are not void in any fundamental sense but at most voidable if properly raised by an interested party." (*In re Christian J.* (1984) 155 Cal.App.3d 276, 280 [202 Cal.Rptr. 54].)

In *Christian J.*, a juvenile proceeding, the prosecution filed a section 170.6 peremptory challenge, which was erroneously stricken as untimely. The minor did not object to the striking of the peremptory challenge. (*In re Christian J.*, *supra*, 155 Cal.App.3d at p. 278.) The prosecution did not seek writ review, and the matter was tried by the challenged judge. On appeal, the minor sought to rely upon the challenge in arguing that the judge was without jurisdiction to hear the matter and in attempting to set aside the order of wardship. The Court of Appeal affirmed, holding that the challenge did not strip the trial court of subject matter jurisdiction, which cannot be created by consent, waiver, or estoppel. Rather, the trial court acted in excess of its jurisdiction, which is subject to principles of consent and waiver. (*Id.* at p. 279 citing, 1 Witkin, Cal. Procedure (2d ed. 1970) Courts, § 61, pp. 339-340, Jurisdiction, § 10, p. 534.) Since the minor had not objected in the trial court, he could not raise the issue for the first time on appeal.

*Christian J.* was followed in *Stebbins* v. *White* (1987) 190 Cal.App.3d 769 [235 Cal.Rptr. 656]. In that case, appellant had made an effective challenge, but in the course of colloquy with the bench, offered to withdraw the challenge. No one objected to that offer, and the case proceeded to trial. On appeal, appellant asserted that the challenge was effective when made and the trial court lacked jurisdiction to conduct the trial, despite the purported waiver. Applying the analysis set forth in *Christian J.*, the Court of Appeal affirmed, citing the legal maxim, embodied at Civil Code section 3515, "He who consents to an act is not wronged by it." (190 Cal.App.3d at p. 782.) "By expressly consenting to an erroneous procedure an appellant acquiesces in it and thereby loses the right to attack the error on appeal." (*Ibid.*; cf.

*Brown* v. Superior Court (1981) 124 Cal.App.3d 1059, 1061-1062 [177 Cal.Rptr. 756], in which the plaintiff sought to enforce an earlier peremptory challenge made by the defendant and later withdrawn by the defendant, but where plaintiff "forthrightly" objected in open court to continued proceedings before the challenged judge; *Louisiana-Pacific Corp.* v. *Philo-Lumber Co., supra,* 163 Cal.App.3d 1212, 1214-1215, in which the defendants seeking to rely upon the earlier peremptory challenge made by a then dismissed defendant "brought up the fact of the challenge" when the case was brought to trial before the challenged judge.)

The instant case presents the issue whether the same result will inure to a party who does not expressly waive his right to enforce his own section 170.6 peremptory challenge, but whose total acquiescence in the assumption of jurisdiction by the challenged judge may be considered an implied waiver. We hold that where the party asserting disqualification of a judge by peremptory challenge fails to bring the issue to the attention of the trial court, any right to assert the disqualification on appeal is waived. The same result obtains whether the waiver is express or implied.

Strong public policy considerations of fairness and judicial economy favor the immediate resolution of such challenges, as exemplified by the 1984 amendments to section 170.3, which provide at new subdivision (d), that unsuccessful disqualification motions and peremptory challenges may be reviewed only by petition for writ of mandate. (*People* v. *Hull* (1991) 1 Cal.4th 266, 276 [2 Cal.Rptr.2d 526, 820 P.2d 1036].) The *Hull* court noted that an "intolerable windfall" would result if a challenging party were to fail to seek immediate review of an unsuccessful challenge, attempt to obtain a favorable judgment, and if that effort failed, take a "second bite at the apple" by reasserting the peremptory challenge on appeal. The same policy considerations obviously apply here. Thus, we conclude that the section 170.6 peremptory challenge by appellant was waived or abandoned, and subsequent orders by the trial court were not without effect.

III.  *Vexatious Litigant**

. . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 517.

## Disposition

The appeal in No. B062500 is dismissed as moot. In appeal No. B064182, the judgment is affirmed. Appellant shall bear costs on appeal.

Turner, P. J. and Ashby, J., concurred.

A petition for a rehearing was denied August 12, 1992, and appellant's petition for review by the Supreme Court was denied October 15, 1992.