Filed 12/23/20  Lazo v. Vidaurreta CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FREXINY LAZO, | |
| Plaintiff and Appellant, | G058643 |
| v. | (Super. Ct. No. 30-2017-00924373) |
| SAMUEL VIDAURRETA et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Sheila Fell, Judge.  Dismissed.

Larry Rothman & Associates and Larry Rothman for Plaintiff and Appellant.

Law Offices of Olaf J. Muller and Olaf J. Muller for Defendant and Respondent Edwin M. Ashley.

## INTRODUCTION

Frexiny Lazo appealed from a default judgment on the grounds that the trial court did not award her enough money. She thought she should get $5.6 million. The trial court awarded her slightly over $400,000, the amount of the damages claimed in her complaint.

After oral argument, but before we issued our opinion, respondent Edwin M. Ashley moved in the trial court to vacate the default judgment against him. The trial court granted the motion and vacated the judgment. This action in the trial court renders the appeal moot, and we now dismiss it.

## FACTS

Lazo sued Samuel Vidauretta, Prospice Medical Center, LLC, Prospice Medical Group Corporation, and Ashley for breach of contract, accounting, and fraud. She alleged that Vidauretta persuaded her to give him $400,000 in exchange for the right to collect "physician receivables within the State of California."[1] The receivables did not materialize, and Vidauretta refused to provide an accounting. She alleged that the defendants breached the investment contract by refusing to provide an accounting or detailed records and by refusing to return her investment.

None of the defendants answered, and Lazo requested the entry of their defaults on March 5, 2019. But instead of the $400,000 amount set out in her complaint, she asked for $2.9 million in "demand of complaint" damages, $1 million in special damages, $1.6 million in interest, $2,900 in costs, and $38,000 in attorney fees, for a total of $5.6 million. She asked for the same amounts against all four defendants. She filed a memorandum of costs (summary) for $900.00 on July 15, 2019. The court entered judgment on September 17, 2019, for $400,000 plus $785.00 in costs.

---

[1] Lazo formed a limited liability company, Universal Healthcare Consulting, LLC, to collect the receivables.

Lazo appealed, maintaining that in addition to her $400,000 investment, she is entitled to lost profits in the amount of $2.5 million, plus interest, costs, and legal fees. We heard oral argument on the appeal in November 2020.

Ashley moved in the trial court to vacate the judgment against him under Code of Civil Procedure section 473, subdivision (d).  As he pointed out, the judgment lacked some crucial attachments, including one listing the names of the defendants against whom the judgment was entered.  The court agreed that the judgment was void on its face.  It granted the motion to vacate the judgment on December 16, 2020.  Ashley then moved in this court to dismiss the appeal.

## DISCUSSION

Although normally proceedings in the trial court are stayed during an appeal, the court retains the power to vacate a judgment that is void on its face.  "The setting aside of a void order by the trial court, while an appeal is pending, renders the appeal moot and subject to dismissal."  (*Andrisani v. Saugus Colony Limited* (1992) 8 Cal.App.4th 517, 523.)  "Since those orders have been vacated, appellant is no longer aggrieved by these orders."  (*Id.* at p. 524; see also *Svistunoff v. Svistunoff* (1952) 108 Cal.App.2d 638, 641.)

The judgment appealed from in this case has been vacated.  The appeal is now moot.

## DISPOSITION

The appeal is dismissed.  Each party to bear their own costs.


                                        BEDSWORTH, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

4