Filed 9/8/25  Panzak v. City of Fowler CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GORDON PANZAK,  Plaintiff and Appellant,  v.  CITY OF FOWLER et al.,  Defendants and Respondents. | F088866  (Super. Ct. No. 22CECG01769)  OPINION |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Kristi Culver Kapetan, Judge.

Gordon Panzak, in propria persona, for Plaintiff and Appellant.

Hoge, Fenton, Jones & Appel, Alison P. Buchanan, and Laura C. Riparbelli for Defendant and Respondent Gregory L. Myers.

Litigation Engineered, and Chester E. Walls for Defendants and Respondents City of Fowler, Dario Dominguez, Mark Rodriguez, Karnig Kazarian, Juan Mejia, Daniel Parra, Wilma Quan, Rudy Alcaraz, Yolanda Cardenas as Executor of the Estate of David T. Cardenas, and Angela Vasquez.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Franson, J. and Meehan, J.

In this appeal, appellant Gordon Panzak challenges the dismissal of an action he brought against 14 different defendants.[1] Two respondents' briefs have been filed. The first brief has been filed on behalf of the City of Fowler and 9 individuals employed or contracted by the City of Fowler. The second brief has been filed on behalf of Gregory Meyers alone. Following our review of the relevant issues presented in this appeal, we affirm the judgment.

## PROCEDURAL SUMMARY

On August 10, 2023, Panzak filed a first amended complaint for monetary damages, naming 14 different defendants. The complaint contained nine separate causes of action. Each cause of action was alleged against all 14 named defendants.

The facts underlying the complaint concern the installation of two handicap sidewalk ramps on Panzak's property in the City of Fowler. Among defendants named in the complaint are the City of Fowler, the contractor who installed the ramps, employees of the contractor, and one attorney. The bulk of defendants are represented under the umbrella of the City of Fowler, which includes not only the city, but also the contractor who installed the ramps and various employees of that contractor.[2] Defendant Gregory Meyers, an attorney, has submitted a separate brief. Meyers apparently opposed Panzak in a prior lawsuit. Among the allegations in the first amended complaint are elder abuse,

---

[1]     Three defendants who were listed in the first amended complaint do not appear in the list of defendants who received an award of damages. Furthermore, the register of actions in the clerk's transcript indicates that three summons appear not to have been served. Those defendants also do not appear to be part of this appeal, and consequently we omit their names.

[2]     Throughout this opinion we will often refer to this collective group of defendants as the City of Fowler.

emotional distress, property-related claims, and allegations the defendants were in defiance of a prior lawsuit.[3]

The record we have been provided by Panzak for this appeal contains the first amended complaint and a tentative ruling, which was later adopted by the trial court as its final order. Other documents in the clerk's transcript are related to this appeal, such as the notice of appeal and documents connected to the preparation of the record for the appeal. A register of actions is also provided, showing when documents were filed with the court and the date when orders were entered by the court. No real detail is otherwise provided in the register of actions.

On August 29, 2024, the trial court adopted its tentative ruling as its final order. The order therefore granted the special motion to strike filed on behalf of the City of Fowler and all related defendants, "as to the entire first amended complaint, without leave to amend." With respect to the motion to strike brought by Myers, the court also granted that motion to strike the first amended complaint without leave to amend, and also awarded Myers attorney's fees in the amount of $2,580. Finally, the court concluded the City of Fowler's motion to strike the request for punitive damages was moot given the ruling on the motion to strike the entire first amended complaint.

Panzak filed a notice of appeal to this order on October 28, 2024. An appellant's opening brief was filed by Panzak on February 18, 2025. However, on February 25, 2025, this court struck that brief, citing the lack of an adequate appellate record and a failure to comply with California Rules of Court,[4] rule 8.204, governing the form and content of a brief submitted to the court. The order also warned Panzak about the consequences for failing to correct these errors in a new opening brief as follows:

---

[3] The prior lawsuit was filed in the Fresno Superior Court, case No. 17CECG02635. The record of that prior case is not part of the record on appeal submitted to this court.

[4] Further rule references are to the California Rules of Court.

"Should the new opening brief fail to be timely filed or fail to comply with the pertinent rules or this order, this court may decline to file the brief, may strike the brief, dismiss the appeal, or find that one or more issues on appeal have been waived."

A new opening brief was filed by Panzak on March 27, 2025.

**DISCUSSION**

In his opening brief, Panzak challenges the trial court's granting of two separate motions to strike brought by both the City of Fowler and Meyers. However, instead of raising issues that attack the validity of the ruling made by the court on those motions to strike, Panzak contends Judge Kristi Culver Kapetan was disqualified from hearing this case, and therefore, did not have the authority to render any decision. Panzak makes this point based on his belief Judge Culver Kapetan was disqualified in a related case, which had the effect of disqualifying her from this case.

**I.      While Panzak's Brief Does Not Fully Comply With Rule 8.204, We Will Consider This Appeal**

According to rule 8.204, each brief submitted in an appeal must contain certain information deemed necessary to assist the Court of Appeal in its review of the issues presented. For instance, for each argument made in a brief, there must be a citation to authority. (Rule 8.204(a)(1)(B).) Furthermore, "any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears," is required. (Rule 8.204(a)(1)(C).) An appellant's opening brief must also specifically provide a summary of the significant facts and limit that summary to matters in the record. (Rule 8.204(a)(2)(C).)

As we stated in our order of February 25, 2025, striking Panzak's original opening brief, Panzak had a duty to present his cause " 'systematically and so arranged that those upon whom the duty evolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' " (*Opdyk v. California Horse Racing Bd.* (1995) 34

4.

Cal.App.4th 1826, 1830, fn. 4, quoting *Landa v. Steinberg* (1932) 126 Cal.App.324, 325.) Panzak has added legal citations to his brief, but adequate citations for the factual or procedural statements are still missing. This is mostly due to the lack of a record provided in this appeal. As a result, Panzak is citing to facts that are not supported by the record provided to this court. (Rule 8.204(a)(2)(C).) However, we will accept this brief as being mostly in compliance and will proceed with our review of the issues raised by Panzak.

**II.      The Record Does Not Support the Contention the Trial Court Judge was Disqualified**

A review of the register of actions shows no motion to disqualify Judge Culver Kapetan pursuant to Code of Civil Procedure section 170.6, was ever filed by Panzak in the trial court. The record also does not contain any documents from the earlier case Panzak insists is related to this case, especially documents that would have shown a motion to disqualify was made resulting in a disqualification of Judge Culver Kapetan in that earlier case. Such documents could have been brought into this record through a request for judicial notice. (See rule 8.252.)

If Panzak is relying on the notion that a disqualification in the earlier case rendered Judge Culver Kapetan disqualified in this current case, he has waived that argument by not raising it in the trial court. The record does not contain any evidence Panzak brought the earlier disqualification to the judge's attention. In fact, the actions of a disqualified judge will not be considered void in any fundamental sense but may be voidable " 'if properly raised by an interested party.' " (See *Andrisani v. Saugus Colony Limited* (1992) 8 Cal.App.4th 517, 524–525.)

Panzak failed to show he ever raised his concern to Judge Culver Kapetan that she was disqualified in this action because of the disqualification in a prior related action.[5]

## A. Panzak Had an Obligation to Provide an Adequate Record for His Appeal

The appellant has the burden of establishing error.  This includes providing the appellate court with an adequate record on appeal.  (Rule 8.120.)  Without an adequate record for the appeal, a reviewing court will presume the evidence supports the judgment.  (*In re Angel L.* (2008) 159 Cal.App.4th 1127, 1137.)  This is because prejudicial error must be affirmatively shown.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

Panzak failed to ensure that any of the moving papers filed in favor of the motions to strike or any opposition he filed to those motions were included in the appellate record.  These documents are necessary for review to determine whether issues were raised or preserved at the trial court level.  (See *Advanced Choices, Inc. v. State Dept. of Health Services* (2010) 182 Cal.App.4th 1661, 1670.)  Panzak's failure to provide an adequate record in this appeal requires we uphold the trial court's decision to grant the two motions brought by defendants to strike the first amended complaint.

## III.  The Award of Sanctions to Meyers Did Not Constitute an Abuse of Discretion

Panzak contends the award of sanctions to Meyers was inappropriate because there had not been a request for sanctions in the trial court.

> "A prevailing defendant on an anti-SLAPP motion 'shall be entitled to recover [his or her] attorney's fees and costs.'  ([Code Civ. Proc.,] § 425.16, subd. (c)(1).)  '[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees.' " (*Frym v. 601 Main Street LLC* (2022) 82 Cal.App.5th 613, 619.)

To challenge this award on appeal, Panzak was required to show the trial court abused its discretion in awarding fees or in calculating the amount of fees.  (*Frym v. 601 Main Street LLC*, *supra*, 82 Cal.App.5th at p. 619.)

---

[5]     We cannot even confirm that Judge Culver Kapetan was, in fact, disqualified in the earlier case.

Panzak has again failed to provide either the record necessary to challenge the award made by the trial court or to make substantive arguments showing how the court exceeded its authority in awarding fees. The award of fees and costs to Meyers by the trial court is, therefore, upheld.

### A. Are All Defendants Entitled to an Award of Attorney's Fees and Costs in This Appeal?

Case law has held that because Code of Civil Procedure section 425.16, subdivision (c), does not preclude the recovery of appellate attorney's fees by a prevailing defendant/respondent, such fees are potentially recoverable. (*Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 489.) Since all defendants have prevailed in this appeal, they are entitled to recover their costs and attorney's fees related to this appeal. (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1248.) The amount of fees, if any, is to be determined by the trial court upon the filing of the appropriate motions once the remittitur is issued by this court. (*Morrow v. Los Angeles Unified School Dist.* (2007) 149 Cal.App.4th 1424, 1446.)

### DISPOSITION

The judgment is affirmed. All defendants are awarded their costs on appeal. The matter is remanded to the trial court to determine the amount of attorney's fees, if any, defendants may be awarded as the prevailing parties in this appeal.