[Civ. No. 63142. Second Dist., Div. Four. Oct. 27, 1981.]

R. EDWARD BROWN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
14011 VENTURA BOULEVARD CORPORATION et al.,
Real Parties in Interest.

COUNSEL

William J. Ferrin for Petitioner.

No appearance for Respondent.

Voegelin & Barton and Robert Louis Fisher for Real Parties in Interest.

OPINION

FILES, P. J.—This proceeding in mandate was brought here to review an order made by a superior court judge who had been disqualified by a declaration filed pursuant to Code of Civil Procedure section 170.6.

The underlying civil action, entitled Brown et al., plaintiffs, v. 14011 Ventura Boulevard Corporation (Ventura) et al., defendants, was assigned to Judge Rimerman for the purpose of hearing a motion filed by Safeco Insurance Company for leave to intervene. On May 29, 1981, defendant Ventura, through its Attorney Robert Sherman, filed a timely declaration disqualifying Judge Rimerman under Code of Civil Procedure section 170.6.[1] The supervising judge recognized the disqualification and heard the Safeco motion himself.

---

[1]Code of Civil Procedure, section 170.6: "(1) No judge, court commissioner, or referee of any superior, municipal or justice court of the State of California shall try any civil or criminal action or special proceeding of any kind or character nor hear any

On July 22, 1981, a demurrer to the complaint by defendant Crocker Bank, and a motion by defendant Ventura to file a supplemental complaint, came on for hearing in Judge Rimerman's department. Before the hearing commenced, the attorney for plaintiff called Judge Rimerman's attention to the fact that he had been disqualified. Mr. Sherman, who had filed the motion to disqualify on May 29, stated that he wished to proceed before Judge Rimerman. The attorney for plaintiff pointed out that section 170.6 barred any further proceedings before the disqualified judge. Judge Rimerman nevertheless proceeded with the hearing and ruled on the pending matters.

■ The first sentence of section 170.6 states unambiguously that no judge who has been disqualified under that section shall hear any matter therein which involves a contested issue of law or fact. Thus the disqualification is not limited to a particular motion or issue, but deprives the disqualified judge of jurisdiction in all further contests in that action. (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 190 [137 Cal.Rptr. 460, 561 P.2d 1148]; *Zdonek* v. *Superior Court* (1974) 38 Cal.App.3d 849, 856 [113 Cal.Rptr. 669].)

The attorneys for Crocker Bank have argued that Brown (petitioner here) has no cause for relief here because he could have filed his own motion to disqualify if he did not want Judge Rimerman to hear the July proceedings. This argument misses the true import of the disqualification.

The law assumes that a party who disqualifies a judge by a motion under section 170.6 does so in good faith. It is common knowledge that some attorneys or parties may abuse the statutory privilege by disqualifying a judge for tactical reasons, without any genuine belief that the judge is prejudiced. (See *Solberg* v. *Superior Court, supra*, 19 Cal.3d 182, 195-197.) Nevertheless, section 170.6 provides that, without any

matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that such judge or court commissioner is prejudiced against any party or attorney or the interest of any party or attorney appearing in any such action or proceeding. (2) Any party to or any attorney appearing in any such action or proceeding may establish such prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury or an oral statement under oath that the judge, court commissioner, or referee before whom such action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of such party or attorney so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing before such judge, court commissioner, or referee. . . ."

inquiry as to the motives of the moving party, when the declaration described in the statute is timely filed, the judge is thereupon disqualified from hearing any contested issue of law or fact in that case. The statute does not provide any exception for the benefit of a party who uses the declaration to remove a judge from one hearing, and then wishes to reinstate that judge for a subsequent hearing in the same case. The court and all of the litigants are entitled to rely upon the apparent bona fides of the declaration charging prejudice.

As counsel for Crocker Bank points out, the Supreme Court has held that a disqualification under subdivision 6 of section 170 may be set aside by the consent of all parties. (*Sacramento etc. Drainage Dist.* v. *Jarvis* (1959) 51 Cal.2d 799, 800 [336 P.2d 530].) We need not decide whether such a stipulation would be effective after a disqualification under section 170.6 because that is not the situation here. Here we have no stipulation and no waiver except by the attorney for Ventura. Plaintiff's attorney forthrightly reminded the trial judge that proceedings before him had been barred.

Let a writ of mandate issue requiring the respondent court to vacate its order of July 22, 1981, and to assign further contested proceedings to a judge other than Hon. Fred C. Rimerman in civil action No. NW C 71492 entitled Brown et al., v. 14011 Ventura Boulevard Corporation et al.

Kingsley, J., and Dell, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.