[Civ. No. 22723. Third Dist. May 2, 1984.]

In re CHRISTIAN J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
CHRISTIAN J., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

**COUNSEL**

Bryan Kemnitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Garrett Beaumont, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**PUGLIA, P. J.**—The juvenile court sustained a petition (Welf. & Inst. Code, § 602) alleging that Christian J., a minor, was an accessory after the

fact to murder (Pen. Code, § 32), adjudged him a ward of the juvenile court and committed him to the California Youth Authority for a three-year maximum permissible term of confinement. On appeal, the minor challenges the denial of *the People's motion* peremptorily to disqualify the judge. We shall deal with this issue in part I of this opinion which part alone is certified for publication (Cal. Rules of Court, rule 976.1). The minor's only other contention concerns the admission into evidence of his confession. For the reasons set forth in part II of this opinion, which part does not meet the standards for publication, we shall uphold the trial court's finding of voluntariness. Since we conclude that the trial court's error in denying the People's disqualification motion is not cognizable on appeal by the minor, we shall affirm.

I

The People filed a formal motion, supported by an affidavit of prejudice, seeking peremptorily to disqualify Judge Vandegrift, the assigned juvenile court judge (Code Civ. Proc., § 170.6). In the hearing on the challenge, the minor expressed satisfaction with Judge Vandegrift. The court denied the People's motion to disqualify as untimely. At that time Judge Vandegrift had not yet presided over a hearing involving a determination of contested fact issues relating to the merits (Code Civ. Proc., § 170.6). The motion to disqualify was otherwise timely and the People, while not formally conceding the issue, do not seriously contend to the contrary. Denial of the motion to disqualify was clear error.

The People did not seek extraordinary writ review of the ruling, and the litigation proceeded to completion before Judge Vandegrift. The minor now asserts for the first time on appeal that the ruling was erroneous, depriving Judge Vandegrift thereafter of jurisdiction to act in the case. The contention founders for two reasons, waiver and lack of standing.

A

■ Since the minor did not tender a peremptory challenge to Judge Vandegrift and at all times acquiesced in his exercise of jurisdiction, the minor has waived the right on appeal to contest the qualification of the judge to sit in the case. A great potential for abuse would exist if the minor, as an ostensibly uninterested party, could lie in wait until the trial concludes, speculating on the outcome, and then seek to overturn an adverse judgment by turning *against* the People the trial court's error in denying *the People's* peremptory challenge.

The Supreme Court has long been vigilant to prevent similar types of abuses. Discussing disqualifications for causes other than a judge's personal

interest in the litigation, the court has said: " 'It would seem . . . intolerable to permit a party to play fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceedings to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not.' " (*Caminetti* v. *Pac. Mutual L. Ins. Co.* (1943) 22 Cal.2d 386, 392 [139 P.2d 930], quoting conc. opn. in *Lindsay-Strathmore Irr. Dist.* v. *Superior Court* (1920) 182 Cal. 315, 338 [187 P. 1056].) Upholding the constitutionality of the more summary procedure for peremptory disqualification of a judge (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182 [137 Cal.Rptr. 460, 561 P.2d 1148]), the court also has emphasized the continuing vigilance of the courts to enforce statutory restrictions on the time within which a peremptory challenge may be brought. (At pp. 197-198; see also *In re Abdul Y.* (1982) 130 Cal.App.3d 847, 854-861 [182 Cal.Rptr. 146].) Quoting *McClenny* v. *Superior Court* (1964) 60 Cal.2d 677, 689 [36 Cal.Rptr. 459, 388 P.2d 691], in this regard, the *Solberg* court said: " 'We cannot permit a device intended for spare and protective use to be converted into a weapon of offense and thereby to become an obstruction to efficient judicial administration.' " (P. 198.)

Relying principally on *Brown* v. *Superior Court* (1981) 124 Cal.App.3d 1059, 1061 [177 Cal.Rptr. 756], the minor counters that under circumstances such as these any party who can appeal may raise the question of the trial judge's disqualification because, once a timely motion complying with Code of Civil Procedure section 170.6 has been filed, the judge must automatically disqualify himself and has no further jurisdiction to act in the case. Neither *Brown* nor the principles underlying *Brown* support the minor's position.

The minor's logic is flawed by the failure to distinguish among the various meanings attached to the term "jurisdiction." █ In its most fundamental or strict sense, lack of jurisdiction means "an entire absence of power to hear or determine the case, an absence of authority over the subject matter or parties." (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715]; see also *People* v. *Padfield* (1982) 136 Cal.App.3d 218, 226 [185 Cal.Rptr. 903].) But in its ordinary usage the word encompasses many other situations, including judicial acts *in excess of jurisdiction.* (*Abelleira, supra,* at pp. 288-291.) While the fundamental type of jurisdiction can never be conferred by consent of the parties, the latter type is often subject to principles of consent and waiver. (See 1 Witkin, Cal. Procedure (2d ed. 1970) Courts, § 61, pp. 339-340, Jurisdiction, § 10, p. 534.)

A judge's authority to act, as qualified by Code of Civil Procedure sections 170 and 170.6, implicates the jurisdiction of the court in its ordinary,

less strict sense. (See 1 Witkin, Cal. Procedure (2d ed. 1970) Courts, § 61, pp. 339-340; see also *Abelleira, supra,* at p. 289.) ▆ Although the cases frequently refer to the subsequent orders or judgment of a disqualified judge as absolutely void for lack of jurisdiction and thus open to attack at any time prior to final judgment (see *T.P.B.* v. *Superior Court* (1977) 66 Cal.App.3d 881, 885-886 [136 Cal.Rptr. 311]; *In re Robert P.* (1981) 121 Cal.App.3d 36, 43 [175 Cal.Rptr. 252]), it is clear that the right to urge the disqualification of a judge for most causes under section 170 and peremptorily under section 170.6 may be waived by the parties. (See *Central & West Basin Water etc. Dist.* v. *Wong* (1976) 55 Cal.App.3d 191, 194 [127 Cal.Rptr. 448]; *Caminetti* v. *Pac. Mutual L. Ins. Co., supra,* 22 Cal.2d at p. 390; *Whistler* v. *Ondulando Highlands Corp.* (1970) 13 Cal.App.3d 108, 118 [91 Cal.Rptr. 879]; *People* v. *Beaumaster* (1971) 17 Cal.App.3d 996, 1009 [95 Cal.Rptr. 360].) Consequently, the actions of a disqualified judge are not void in any fundamental sense but at most voidable if properly raised by an interested party.

In *Brown* v. *Superior Court, supra,* 124 Cal.App.3d 1059, a *defendant* in a civil action filed a timely motion and declaration disqualifying the assigned judge and the disqualification was accepted by the court. (At p. 1060.) In a subsequent hearing scheduled to commence before the disqualified judge, *plaintiff* brought to that judge's attention that his disqualification under section 170.6 barred his hearing the contested matter. When the defendant who had filed the motion to disqualify responded that he wished to withdraw his objection to the judge, the court acceded to defendant's wishes and heard and ruled on a contested issue. Plaintiff then secured a writ of mandate compelling the trial court to vacate the ruling of the disqualified judge. (At p. 1062.) Reasoning that all the litigants were entitled to rely upon the apparent bona fides of defendant's declaration of prejudice, the appellate court found no exception to the disqualification required under the statute "for the benefit of a party who uses the declaration to remove a judge from one hearing, and then wishes to reinstate that judge for a subsequent hearing in the same case." (*Ibid.*) The appellate court also observed there had been no waiver of the section 170.6 disqualification except by defendant: "[p]laintiff's attorney forthrightly reminded the trial judge that proceedings before him had been barred" by operation of the statute. (*Ibid.*)

▆ In contrast to the *Brown* scenario, the parties here proceeded to litigate the merits of the juvenile petition in reliance on Judge Vandegrift's ruling that he was not disqualified in the case, during which time the minor never protested the judge's continuing jurisdiction. To preserve the issue for appeal the minor need not have expended the single peremptory challenge allowed him. A simple, timely objection on the record would have

sufficed. (See *Brown* v. *Superior Court, supra,* at pp. 1061-1062.) Failing that, the minor waived Judge Vandegrift's disqualification.[1]

## B

A general rule applicable to both civil and criminal appeals is that an appellant may challenge only the alleged errors which are injurious to him, not those which may be injurious to another party. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 212, 214, pp. 4203-4205; Witkin, Cal. Criminal Procedure (1963) Appeal, §§ 681, 682, Subd. (b), pp. 665-666; see also *People* v. *Powell* (1949) 34 Cal.2d 196, 205 [208 P.2d 974]; Code Civ. Proc., § 475.) In the proceedings on the disqualification motion the only prejudice alleged on the part of Judge Vandegrift was against the prosecution; the minor voiced no dissatisfaction with the judge and in fact affirmatively supported his assignment to the case. Upon this record, it can only be assumed the court's denial of the People's motion was, if anything, favorable rather than injurious to the minor. Since an erroneous denial of a peremptory challenge does not oust the particular judge of fundamental jurisdiction, the minor cannot satisfy the threshold requirement of standing to contest the ruling on appeal.

## II.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment (order) is affirmed.

Evans, J., and Fields, J.,† concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 26, 1984.

---

[1]An objection would alert the People that *their* willingness to waive the error will not be accepted as decisive of the issue. The People would then be well advised to pursue their remedy by prerogative writ to avoid the prospect of an automatic reversal of any judgment rendered in a case where some of the proceedings have been held before a judge who erroneously denied a peremptory challenge. The objecting minor of course would also be a "party beneficially interested" (Code Civ. Proc., § 1103) in extraordinary writ relief.

*See *ante,* page 278.

†Assigned by the Chairperson of the Judicial Council.