Filed 8/2/24  Zhou v. Hotel Winters, LLC CA3
Opinion after previous opinion vacated

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| XINYAO ZHOU, | C099278 |
| Plaintiff and Appellant, | (Super. Ct. No. CV20221963) |
| v. | |
| HOTEL WINTERS, LLC et al., | |
| Defendants and Respondents. | |

This is the second appeal in this matter.  In the first appeal, plaintiff Xinyao Zhou challenged a judgment of dismissal entered after the trial court sustained without leave to amend demurrers brought by defendant Hotel Winters, LLC, to each cause of action asserted against it.  We affirmed that judgment in a nonpublished opinion.  (*Zhou v. Hotel Winters, LLC* (July 5, 2024, C098326) [nonpub. opn.] (*Zhou I*).)  Following the judgment, the trial court granted in part Hotel Winters's request for attorney fees; the instant appeal challenges that order.  We affirm the attorney fees award.

1

**FACTS AND PROCEEDINGS**

*Factual Background*

We set out the underlying facts related to the dispute between plaintiff and Hotel Winters in our opinion affirming the judgment dismissing Hotel Winters from the litigation. (*Zhou I*, *supra*, C098326.) By way of brief background, plaintiff invested in Hotel Winters, an LLC created to fund the construction of a hotel and to distribute the profits derived therefrom. Pursuant to her investment, in 2016 plaintiff entered into a subscription agreement, which provided that she was bound by the company's operating agreement (2016 operating agreement). Section 12.16 of the 2016 operating agreement provided: "Attorney Fees. In the event that any Dispute between the Company and the Members or among the Members should result in an action or arbitration, the prevailing party in such dispute shall be entitled to recover from the other party all reasonable fees, costs and expenses of enforcing any right of the prevailing party, including without limitation, reasonable attorneys' fees and expenses, all of which shall be deemed to have accrued upon the commencement of such action and shall be paid whether or not such action is prosecuted to judgment. Any judgment or order entered in such action shall contain a specific provision providing for the recovery of attorney fees and costs incurred in enforcing such judgment and an award of prejudgment interest from the date of the breach at the maximum rate of interest allowed by law. For purposes of this Section: . . . (b) *prevailing party shall mean the party who is determined in the proceeding to have prevailed or who prevails by dismissal, default, or otherwise*." (Italics added.)

Plaintiff filed a complaint against Hotel Winters and multiple individuals involved in the company. Her complaint alleged two causes of action against Hotel Winters, for conspiracy and unjust enrichment.[1] The conspiracy claim alleged that Michael Olivas (the original manager of the LLC) and Alan Barmaper (an investor in the company)

---

[1] Each of these causes of action was asserted against all defendants.

2

conspired to commit an unlawful act, to wit, to convince new investors to amend the operating agreement in violation of its terms for the purpose of unlawfully converting the company's equity. (*Zhou I*, *supra*, C098326.)

The complaint's unjust enrichment cause of action alleged that plaintiff had conferred a benefit upon "[t]he Defendant" by investing in the company, that "[t]he Defendant]" retained the benefit of her investment and "additional money owed if the contract was fulfilled as promised," and that it would be inequitable for "the Defendant" to retain the money without compensation of her original investment and agreed-upon return. (*Zhou I*, *supra*, C098326.)

Hotel Winters demurred to each cause of action, and the trial court sustained the demurrers without leave to amend. The court subsequently granted Hotel Winters's motion to dismiss plaintiff's complaint with prejudice and entered judgment in its favor. (*Zhou I*, *supra*, C098326.)

Following the entry of judgment, plaintiff filed a motion to disqualify Judge Timothy Fall, the trial judge who had sustained Hotel Winters's demurrers and entered judgment in Hotel Winters's favor. The motion included a peremptory challenge under Code of Civil Procedure section 170.6, which Judge Fall granted (although it was untimely).[2] (*Zhou I*, *supra*, C098326.)

On April 14, 2023, plaintiff filed a notice of appeal of the judgment.

*Hotel Winters's Motion for Attorney Fees and Costs*

Also on April 14, Hotel Winters moved for attorney fees and costs in the amount of $136,396.25. It argued that it was entitled to recover its attorney fees as costs under sections 1032 and 1033.5 because it prevailed in the litigation, and the 2016 operating

---

[2] Further undesignated statutory references are to the Code of Civil Procedure.

3

agreement authorized attorney fees.[3] Hotel Winters did not assert the existence of any other valid, enforceable agreement between the parties.

Plaintiff opposed Hotel Winters's motion for costs and fees. She "agree[d] 100% that the prevailing party shall be entitled to all related expenses, costs including attorney's fees" under the 2016 operating agreement because that operating agreement was the only valid agreement. However, she argued that Civil Code section 1717, not Code of Civil Procedure sections 1032 and 1033.5, governed the award of attorney fees.[4] Applying that statute, plaintiff asserted that Hotel Winters was not the prevailing party because it had breached the 2016 operating agreement and was operating under an improperly amended version of that agreement. She further contended Hotel Winters's erroneous dismissal from the case was "the only evidence" indicating that Hotel Winters was the prevailing party. Additionally, she argued that Ravi Mehta--counsel for Hotel Winters--was not lawfully retained as counsel for Hotel Winters, and the claimed attorney fees might have related to fees incurred for services rendered to other defendants, whom Mehta also represented in the litigation.

---

[3] Section 1032 authorizes the prevailing party in litigation to recover its costs (*id.*, subd. (b)), and defines the " '[p]revailing party' " in part as "a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant" (*id.*, subd. (a)(4)). Section 1033.5, subdivision (a)(10) provides that attorney fees are recoverable as costs under section 1032 when authorized by contract.

[4] Civil Code section 1717, subdivision (a) provides in relevant part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Subdivision (b)(1) of Civil Code section 1717 defines "prevailing party" in part as "the part who recovered a greater relief in the action on the contract."

In advance of a hearing on June 23, 2023, the trial court (Judge Stephen Mock now presiding) issued a tentative ruling granting in part Hotel Winters's motion for attorney fees. The tentative ruling recognized the parties' agreement that the prevailing party in the litigation was entitled to costs, including reasonable attorney fees, and it concluded that Hotel Winters was the prevailing party as defined in section 1032, subdivision (a)(4).[5] However, the court determined that Mehta's claimed hourly rate of $625 was far above the local prevailing rates for similar litigation work, and the number of hours he claimed to have spent representing Hotel Winters was excessive. Accordingly, the court reduced Mehta's hourly rate to $325, and the hours spent "handl[ing] relatively simple law and motion matters such as a demurrer on two causes of action" to 100 hours. Thus, the tentative ruling awarded Hotel Winters $32,500 in attorney fees, and $605 in costs.[6]

Following the hearing, the trial court modified the attorney fees award by increasing counsel's hourly rate to $450, thus awarding Hotel Winters $45,000 in attorney fees. The court also awarded Hotel Winters $615 in costs, and ordered plaintiff to pay the full amount owed by August 23, 2023.

---

[5] While the court recognized the parties' agreement that the prevailing party was entitled to attorney fees, it did not make any express finding about the existence of a valid, enforceable contractual attorney fees provision.

[6] The trial court also stayed plaintiff's motions to set aside the judgment and for leave to amend her complaint pending the resolution of her appeal of the judgment on the basis that those motions involved matters embraced or affected by plaintiff's pending appeal. (See § 916; *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189 [proceedings to enforce, vacate, or modify the appealed order are suspended while appeal is pending].)

On July 5, the trial court issued a written order consistent with the court's order at the hearing.[7]

*Motion to Recuse Judge Mock*

On July 6, the day after the trial court issued the written order granting the motion for attorney fees, plaintiff filed a motion to recuse Judge Mock pursuant to Code of Civil Procedure sections 170.1, 107.3, and 170.6, and multiple canons of the California Code of Judicial Ethics. Plaintiff asserted that Judge Mock had engaged in "unethical and improper conduct or conduct which [gave] [plaintiff] good reason to believe [Judge Mock] [could not] hear the above case in a fair and impartial manner."

Plaintiff raised several instances of purported misconduct that she asserted supported her motion: (1) Judge Mock denied her the opportunity to amend her complaint; (2) "[t]he trial of a law suit is NOT a game," although she did not explain how that applied to any alleged bias displayed by Judge Mock; and (3) Judge Mock only allowed her five minutes to argue why several of her motions should not be stayed pending appeal and denied her request for additional time to research and reargue the issue, but provided Mehta ample time to argue his motion for attorney fees.

In her declaration supporting the motion, plaintiff added that Judge Mock incorrectly asserted that she had not objected to the principle that the prevailing party was entitled to attorney fees or the amount sought,[8] and that she argued at the hearing that Hotel Winters had breached the contract in the same agreement that entitled the

---

[7] The formal written order was signed by Judge Daniel Maguire on Judge Mock's behalf due to Judge Mock's unavailability.

[8] While plaintiff claims that she disagreed that the prevailing party is entitled to attorney fees, as we set forth *ante,* her opposition to Hotel Winters's motion for attorney fees stated that she "agree[d] 100% that the prevailing party shall be entitled to all related expenses, costs including attorney's fees" under the 2016 operating agreement because that operating agreement is the only valid agreement. Instead, she argued that Hotel Winters was not the prevailing party in the litigation.

prevailing party to attorney fees and had committed fraud.[9]  She declared that when she argued Hotel Winters was not the prevailing party, Judge Mock laughed and responded that Hotel Winters was indeed the prevailing party.  She also asked Judge Mock why the attorney fees award was not being stayed, when other motions related to the judgment were stayed pending appeal, to which Judge Mock responded that he had already discussed that issue.  After a short recess, Judge Mock revised the hourly rate of the award to $450, and awarded Hotel Winters $45,605 in fees and costs.  Finally, plaintiff declared that Judge Mock stayed defendant's motion to strike plaintiff's first amended complaint on the basis that denying the motion would benefit plaintiff by allowing the first amended complaint to stand.

On July 17, plaintiff filed a motion to set aside the attorney fee award.

On July 19, without providing his reasoning, Judge Mock apparently granted the motion to disqualify, initialing a line on a stock form that stated, "I disqualify myself under . . . section 170.1."[10]  That form included another line, which Judge Mock did *not*

---

[9]  Plaintiff's complaint did not assert causes of action against Hotel Winters for breach of contract or fraud.

[10]  Section 170.1 sets out the grounds for disqualifying a judge "for cause," including, among other bases, that the judge "has personal knowledge of disputed evidentiary facts concerning the proceeding" (*id.*, subd. (a)(1)(A)), the judge has served as a lawyer in the proceeding or has served as a lawyer for a party in the present proceeding in another proceeding involving the same issues or advised a party in the present proceeding on a matter involved in the action (*id.*, subd. (a)(2)), the judge has a financial interest in the subject matter (*id.*, subd. (a)(3)(A)), the judge or a close relative is a party to the proceeding or an officer, director, or trustee of a party (*id.*, subd. (a)(4)), the judge or a close relative is involved in private practice with a lawyer in the proceeding (*id.*, subd. (a)(5)), the judge has a current arrangement for or has recently discussed prospective employment or other compensated service with a party in the proceeding (*id.*, subd. (a)(8)), or the judge has received a contribution of more than $1,500 from a party or lawyer in the proceeding and other circumstances apply (*id.*, subd. (a)(9)).

initial, stating that the judicial officer initialing that line disqualified themselves under section 170.1, subdivision (a)(6).[11]

On July 24, plaintiff filed a motion to set aside the judgment of dismissal and another motion to set aside the attorney fee award. She argued that the judgment of dismissal and the attorney fee award were voidable due to the disqualifications of Judges Fall and Mock.

On August 17, plaintiff appealed the award of attorney fees. On that same date, the trial court (Judge Samuel McAdam now presiding) denied plaintiff's motion to set aside the attorney fees award and stayed the case for all purposes pending resolution of plaintiff's appeal. As relevant here, the court concluded that plaintiff had not established that any of the challenged orders were void.

On August 25, plaintiff filed a motion to recuse Judge McAdam for cause. The record does not reflect that Judge McAdam took any action on plaintiff's motion.[12]

The case was fully briefed on March 29, 2024, and was assigned to the current panel at the end of April 2024. After the case was fully briefed, we affirmed the underlying judgment of dismissal in *Zhou I*, *supra*, C098326.

---

[11] Section 170.1, subdivision (a)(6) required a judge to recuse themselves if, "[f]or any reason: [¶] (i) The judge believes his or her recusal would further the interests of justice. [¶] (ii) The judge believes there is a substantial doubt as to his or her capacity to be impartial. [¶] (iii) A person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial. [¶] (B) Bias or prejudice toward a lawyer in the proceeding may be grounds for disqualification."

[12] Plaintiff asserts that Judge McAdams recused himself, but we have not found any such recusal in the record, and plaintiff does not cite to one.

8

**DISCUSSION**

**I**

*Attorney Fees*

Plaintiff contends the trial court erred by not analyzing Hotel Winters's motion for attorney fees under Civil Code section 1717, and Hotel Winters was not the prevailing party as that statute defines the term. She also argues that Hotel Winters was precluded from seeking attorney fees under the 2016 operating agreement due to the arguments it made during the litigation.

As we will explain, we agree with plaintiff that Hotel Winters's motion for attorney fees was properly analyzed under Civil Code section 1717. However, we conclude that Hotel Winters was the prevailing party as that term was defined in the 2016 operating agreement, and Hotel Winters was entitled to enforce the attorney fees provision of the 2016 operating agreement. Accordingly, although the statutory basis for the trial court's order was unsound, the order was proper. (See *Finnie v. District No. 1 - Pacific Coast Dist. etc. Assn.* (1992) 9 Cal.App.4th 1311, 1316 ["we review results and not reasons"].)

A. *Legal Background*

On appeal, we review a determination of the legal basis for an award of attorney fees de novo as a question of law. (*Sessions Payroll Management, Inc. v. Noble Construction Co., Inc.* (2000) 84 Cal.App.4th 671, 677; *Exarhos v. Exarhos* (2008) 159 Cal.App.4th 898, 903.) However, the propriety or amount of attorney fees to be awarded is a discretionary trial court decision we review for abuse of discretion. (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142.)

Section 1032, subdivision (b) provides for a general right of a prevailing party to recover costs in any action or proceeding. Subdivision (a)(4) of that statute defines " 'prevailing party' " as, among others, "a defendant in whose favor a dismissal is

9

entered," and "a defendant as against those plaintiffs who do not recover any relief against that defendant."

As for attorney fees, the American rule provides that such fees are ordinarily paid by the party to litigation that incurs them. (*Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136, 1144.) However, as provided by section 1021, parties may contract out of the American rule: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided." Under section 1033.5, subdivision (a)(10), attorney fees provided for in contract are allowable as costs under section 1032. Thus, in California, each party to litigation typically bears its own attorney fees unless the parties "validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract." (*Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1341.)

While Code of Civil Procedure sections 1021, 1032, and 1033.5 generally govern the award of contractual attorney fees to a prevailing party, Civil Code section 1717 controls the award of attorney fees where the action or cause of action is "on a contract." (Civ. Code, § 1717, subd. (a).) Where the action or cause of action is "on a contract," and "the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (*Id.*, subd. (a).) Thus, in cases or causes of action "on a contract," Civil Code section 1717 "restrict[s] and condition[s] the ability granted by Code of Civil Procedure section 1021 to 'contract out' of the American rule by executing an agreement which purports to allocate the right to attorney's fees." (*Sears v. Baccaglio, supra*, 60 Cal.App.4th at p. 1144; see *Santisas v. Goodin* (1998) 17 Cal.4th

599, 615 (*Santisas*) ["If an action asserts both contract and tort or other noncontract claims, [Civ. Code, §] 1717 applies only to attorney fees incurred to litigate the contract claims"].)  Code of Civil Procedure section 1033.5, subdivision (c)(5)(B) specifies that attorney fees allowable as costs as provided by subdivision (a)(10) of that statute includes attorney fees awarded pursuant to Civil Code section 1717.

Civil Code section 1717 was initially enacted to "make an otherwise unilateral right to attorney fees reciprocally binding upon all parties to actions to enforce the contract." (*Xuereb v. Marcus & Millichap, Inc.*, *supra*, 3 Cal.App.4th at p. 1342; see *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 128 [Civ. Code, § 1717 "was enacted to establish mutuality of remedy where [a] contractual provision makes recovery of attorney's fees available for only one party [citations], and to prevent oppressive use of one-sided attorney's fees provisions"]; *Santisas*, *supra*, 17 Cal.4th at p. 610 ["The primary purpose of [Civ. Code, §] 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions"].)

Our Supreme Court in *Santisas*, *supra*, 17 Cal.4th 599 recognized that Civil Code section 1717 makes an otherwise unilateral right to attorney fees reciprocal in at least two situations.  The first--inapplicable here--is " 'when the contract provides the right to one party but not to the other.' " (*Santisas*, at pp. 610-611.)  In that situation, Civil Code section 1717 allows recovery of attorney fees by the prevailing party, even if the contract does not specify that party as the party entitled to fees. (*Santisas*, at p. 611.)

The second situation, which is relevant to this case, occurs when "a person sued on a contract containing a provision for attorney fees to the prevailing party defends the litigation 'by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract.' " (*Santisas*, *supra*, 17 Cal.4th at p. 611.)  The *Santisas* court explained:  "Because these arguments are inconsistent with a contractual claim for attorney fees under the same agreement, a party prevailing on any of these bases usually cannot claim attorney fees as a contractual right.  If [Civ. Code] section

11

1717 did not apply in this situation, the right to attorney fees would be effectively unilateral--regardless of the reciprocal wording of the attorney fee provision allowing attorney fees to the prevailing attorney--because only the party seeking to affirm and enforce the agreement could invoke its attorney fee provision.  To ensure mutuality of remedy in this situation, it has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, [Civ. Code] section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed."  (*Ibid.*; see also *Andrade v. Western Riverside Council of Governments* (2024) 99 Cal.App.5th 1020, 1025-1026 ["it has long been 'settled that a party is entitled to attorney fees under [Civ. Code, §] 1717 "even when the party prevails on grounds the contract is inapplicable, invalid, unenforceable or nonexistent, if the other party would have been entitled to attorney's fees had it prevailed" ' "].)[13]

Where the claims are not "on a contract," but rather sound in tort, the prevailing party is entitled to recover attorney's fees as costs under Code of Civil Procedure sections 1032 and 1033.5 where the relevant contractual provision is sufficiently broad to authorize fees related to such claims.  (*Santisas*, *supra*, 17 Cal.4th at p. 608.)  However, where entitlement to attorney fees is not predicated on Civil Code section 1717, the party seeking attorney fees must prove the existence of a valid, enforceable contract authorizing such fees.  (See *Santisas*, at p. 611 [where Civ. Code, § 1717 does not apply, a party that defends litigation by successfully arguing "the inapplicability, invalidity, unenforceability, or nonexistence" of a contract may not enforce an attorney fees

---

[13]  A plaintiff may still recover Civil Code section 1717 attorney fees as costs under Code of Civil Procedure sections 1032 and 1033.5 even if the plaintiff does not allege attorney's fees as damages in a complaint.  (*Allstate Ins. Co. v. Loo* (1996) 46 Cal.App.4th 1794, 1797.)

provision in the same contract]; Evid. Code, § 500 ["a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting"].)

B. *Applicability of Civil Code Section 1717*

Plaintiff contends her causes of action against Hotel Winters were "on a contract," and therefore the trial court improperly analyzed whether Hotel Winters was the prevailing party as defined by Code of Civil Procedure section 1032, subdivision (a)(4), rather than applying the definition provided by Civil Code section 1717, subdivision (b)(1). We agree that Civil Code section 1717 applies to plaintiff's claims.

California courts liberally construe the term "on a contract" in Civil Code section 1717. (*Yoon v. Cam IX Trust* (2021) 60 Cal.App.5th 388, 393.) Civil Code section 1717 does not require an action for breach of contract, only an action "on a contract." (*Andrade v. Western Riverside Council of Governments*, *supra*, 99 Cal.App.5th at p. 1026.) Generally, an action (or cause of action) may be deemed "on a contract" for purposes of Civil Code section 1717 "if (1) the action (or cause of action) 'involves' an agreement, in the sense that the action (or cause of action) arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement; and (2) the agreement contains an attorney fees clause." (*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 242.) Our analysis focuses on the pleadings, the evidence, and the trial court's stated ground for relief to determine whether an action was "on a contract" for purposes of Civil Code section 1717. (*Hyduke's Valley Motors v. Lobel Financial Corp.* (2010) 189 Cal.App.4th 430, 436.)

Here, plaintiff's conspiracy cause of action alleged that Olivas and Barmaper conspired to breach the 2016 operating agreement by amending it in violation of its terms for the purpose of illegally converting the company's equity. The unjust enrichment claim alleged that plaintiff had conferred a benefit upon Hotel Winters, the company

13

retained the benefit of her investment and "additional money owed if the contract was fulfilled as promised," and it would be inequitable for Hotel Winters to retain the money without compensation of her original investment and agreed-upon return. These causes of action " 'involve[ ]' an agreement," in that they seek a determination that the individuals involved in Hotel Winters conspired to breach the terms of the 2016 operating agreement and improperly retained funds owed to her under the terms of that agreement. Essentially, plaintiff's causes of action sought to enforce her rights under the 2016 operating agreement through determinations that that operating agreement remained the enforceable agreement between the parties, and that she was entitled to recover funds owed to her under that agreement. Therefore, we agree with plaintiff that her causes of action were "on a contract" such that Civil Code section 1717 applied to Hotel Winters's request for attorney fees.

C. *Prevailing Party*

Plaintiff contends Hotel Winters was not the prevailing party under Civil Code section 1717, subdivision (b)(1), which defines "prevailing party" as "the party who *recovered a greater relief in the action on the contract*."

To determine whether Hotel Winters was the prevailing party, we must apply the ordinary rules of contract interpretation by first looking to the text of the fee provision. (*Santisas*, *supra*, 17 Cal.4th at pp. 608-609.) Here, the 2016 operating agreement defined the "prevailing party" using the following disjunctive definition: "the party who is determined in the proceeding to have prevailed or who prevails by dismissal, default, or otherwise." Accordingly, Hotel Winters was the prevailing party if (1) the trial court determined that it prevailed, or (2) it prevailed by dismissal, default, or otherwise.

Hotel Winters was clearly the prevailing party as that term was defined by the 2016 operating agreement. The trial court determined that Hotel Winters was the prevailing party, as that term is defined by section 1032, subdivision (a)(4), because it was "a defendant in whose favor a dismissal was entered." Similarly, Hotel Winters

14

"prevailed by dismissal" when the trial court sustained the demurrers to the causes of action asserted against it and dismissed it from the case.

Plaintiff contends Hotel Winters was not properly declared the prevailing party because the court did not apply Civil Code section 1717, and therefore did not determine whether Hotel Winters "recovered a greater relief in the action on the contract." (Italics omitted.) That determination requires a court to "compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876 (*Hsu*).) However, in this particular case it matters not, as the record reveals that Hotel Winters is the prevailing party as the term is defined by Civil Code section 1717 as a matter of law. As our Supreme Court recognized in *Hsu*: "[W]hen the results of the litigation on the contract claims are *not* mixed--that is, when the decision on the litigated contract claims is purely good news for one party and bad news for the other--the Courts of Appeal have recognized that a trial court has no discretion to deny attorney fees to the successful litigant. Thus, when a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under [Civil Code] section 1717 as a matter of law." (*Hsu*, at pp. 875-876.) Accordingly, as defined by Civil Code section 1717, Hotel Winters is the prevailing party.

Plaintiff raises other arguments as to why Hotel Winters was not the "prevailing party." First, she asserts that Hotel Winters secured a mere procedural victory that did not "finally dispose of the parties' contractual dispute," relying on *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968. In that case, Scoreinc.com had succeeded in enforcing a forum selection clause, which had the effect of moving the case to another forum, where the litigation continued. (*Id.*, at p. 974.) The trial court determined Scoreinc.com was not the prevailing party under Civil Code section 1717, and our Supreme Court found no abuse of discretion. (*DisputeSuite.com*, at p. 974.) The court

15

concluded that none of the claims had been resolved, and "the California trial court was in no position to 'compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives'; that comparison could be made only 'upon final resolution of the contract claims.' " (*Ibid.*, quoting *Hsu*, *supra*, 9 Cal.4th at p. 876.)

But here, the litigation against Hotel Winters is not continuing in another forum. Hotel Winters was dismissed with prejudice from the litigation after its demurrers to plaintiff's claims against it were sustained without leave to amend. For similar reasons, we reject plaintiff's argument that attorney fees are unwarranted here because the parties' contractual dispute remains unresolved. While plaintiff might *believe* that to be true, her claims against Hotel Winters were indeed resolved by the judgment of dismissal entered in favor of Hotel Winters.

We also disagree with plaintiff's claim that Hotel Winters was not the prevailing party due to the pendency of her motions to set aside the judgment. The trial court concluded those motions had been automatically stayed pending her appeal of the judgment. (See § 916 ["[T]he perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order"].) Thus, the trial court was divested of subject matter jurisdiction, and any ruling on that motion would have been a nullity. (*Varian Medical Systems, Inc. v. Delfino*, *supra*, 35 Cal.4th at pp. 196-197.) That is true even if ruling on the motion would have "cure[d] any purported defect in the judgment or order appealed from." (*Id.* at p. 197.)

Conversely, the pendency of an appeal did not divest the trial court of jurisdiction to determine ancillary or collateral matters that do not affect the judgment or order appealed from (§ 916, subd. (b); *Betz v. Pankow* (1993) 16 Cal.App.4th 931, 938),

16

including motions for attorney fees (*Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 369). A motion for attorney fees is not premature even though the prevailing party might not be the prevailing party after an appeal. (*Id.* at p. 368.) Hotel Winters was the prevailing party despite plaintiff's motions to set aside the judgment.[14]

Finally, plaintiff argues that Hotel Winters was not the prevailing party because she remained entitled to relief after the trial court overruled defendant Olivas's motion to strike plaintiff's request for relief. Whether the trial court declined to strike a different defendant's request for relief has no bearing on whether plaintiff remained eligible to seek relief against Hotel Winters, the only defendant involved in this appeal. She did not. Because Hotel Winters secured a simple, unequivocal victory with respect to all causes of actions asserted against it, it was the prevailing party.

D. *Enforcing the Attorney Fees Provision of the 2016 Operating Agreement*

Plaintiff contends Hotel Winters cannot enforce the 2016 operating agreement's attorney fees provision because it argued during the litigation that the 2016 operating agreement had been amended and was no longer in effect. But as we set forth *ante*, Hotel Winters was entitled to recover attorney fees under Civil Code section 1717 even if it defended itself " 'by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract' " if plaintiff would have been entitled to attorney fees under the contract had she prevailed. (*Santisas*, *supra*, 17 Cal.4th at p. 611.)

Here, plaintiff would have been entitled to attorney fees under the 2016 operating agreement had she prevailed. The attorney fees provision in that agreement provided in part: "In the event that *any Dispute* between the Company and the Members or among the Members should result in an action or arbitration, *the prevailing party in such dispute*

---

[14] For similar reasons, we reject plaintiff's contention that the trial court improperly failed to "spend a second for the key issues," which we understand to refer to the merits of her underlying case and her motion to vacate the judgment.

17

*shall be entitled to recover from the other party all reasonable fees, costs and expenses of enforcing any right of the prevailing party, including without limitation, reasonable attorneys' fees and expenses*, all of which shall be deemed to have accrued upon the commencement of such action and shall be paid whether or not such action is prosecuted to judgment . . . ." (Italics added.) That provision undoubtedly applied to plaintiff's lawsuit against Hotel Winters.

Indeed, plaintiff has acknowledged that she would have been entitled to attorney fees had she prevailed. She argued in her opposition to Hotel Winters's motion for attorney fees: "I agree 100% that the prevailing party shall be entitled to all related expenses, costs including attorney's fees, because I am preparing to ask Hotel Winters, LLC to pay my expenses it cost me." Similarly, plaintiff stated in her opening brief on appeal: "Any cost or attorney's fee incurred in [plaintiff's] attempt to enforce the agreement warrants a reimbursement from the losing party when she prevails."

Because plaintiff would have been entitled to attorney fees under the 2016 operating agreement had she prevailed in the litigation, Hotel Winters is entitled to enforce the provision. (*Santisas*, *supra*, 17 Cal.4th at pp. 610-611.)

E. *Reasonableness of the Award*

Plaintiff appears to challenge the reasonableness of the attorney fees award. She argues that the trial court improperly increased the amount of attorney fees from the $35,000 awarded in the tentative ruling to $45,000 after the hearing due to Mehta's asserted " 'agony' " in dealing with this case. Plaintiff does not provide a citation to the record supporting her characterization of the trial court's ruling; the record reflects only that the court increased the amount of counsel's hourly rate to $450 from $325 in the tentative ruling. In any event, the trial court had discretion to determine the value of attorney services (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096), and plaintiff provides no basis to conclude that the court's determination was an abuse of its discretion.

Plaintiff also suggests that Mehta's claimed fees were excessive because he filed only demurrers and an ex parte motion to dismiss, he worked alone on the case and billed $625 per hour rather than delegate some of the work to associate attorneys or paralegals, and he inflated the number of hours he spent working on the motion for attorney fees. But while these arguments contest the fees originally *claimed* by Mehta, they do not challenge the trial court's fee *award*, which substantially reduced the number of hours and the hourly rate claimed by Mehta.

Plaintiff has failed to demonstrate that the trial court's award constituted an abuse of discretion.

### III

### *Asserted Conflict of Interest*

Plaintiff contends the trial court's award of attorney fees was voidable because the award was issued by Judge Mock, who was later disqualified under section 170.1. We disagree.

#### A. *Legal Background*

Section 170.1 sets out the grounds for disqualifying a judge "for cause," and section 170.3 provides the procedures to be followed in disqualification for cause proceedings. Section 170.3, subdivision (a)(1) requires a judge who determines that they are disqualified to recuse themselves and not further participate in the proceeding, unless the disqualification is waivable and waived in writing. (§ 170.3, subd. (a)(1); see *Christie v. City of El Centro* (2006) 135 Cal.App.4th 767, 777.) If the grounds for disqualification first arise or are first learned by the judge after the judge has ruled in a proceeding but before they have completed judicial action in that proceeding, the judge shall disqualify themselves unless the grounds for disqualification are waived. (§ 170.3, subd. (b)(4); *Hayward v. Superior Court* (2016) 2 Cal.App.5th 10, 45.)

If a judge who should disqualify themselves fails to do so, a party may file a "written verified statement . . . setting forth the facts constituting the grounds for

19

disqualification of the judge." (§ 170.3, subd. (c)(1).) The issue of disqualification should be raised when the facts constituting the grounds for disqualification are first discovered, and preferably before a matter is submitted for decision. (*Urias v. Harris Farms, Inc.* (1991) 234 Cal.App.3d 415, 424 (*Urias*).) But if a party does not discover the grounds for disqualification until after an order or judgment is entered, "a statement of disqualification is timely if submitted at the 'earliest practicable opportunity' after the disqualifying facts are discovered." (*Id.* at p. 425; see *People v. Johnson* (2015) 60 Cal.4th 966, 978 [statement of disqualification must be filed at the earliest practicable opportunity after the party knows the identity of the judge and discovers facts constituting grounds for disqualification].) The reason for this rule is to prevent a party from waiting for an unfavorable ruling before seeking disqualification. (*Tri Counties Bank v. Superior Court* (2008) 167 Cal.App.4th 1332, 1337-1338.)

A challenged judge may order the statement of disqualification stricken under certain circumstances, including where the statement on its face fails to disclose a legal ground for disqualification. (§ 170.4, subd. (b).) If the judge does not order the statement of disqualification stricken, the judge may respond in one of three ways. (§§ 170.3, subd. (c)(3), 170.4, subd. (b).) "First, the judge may, '[w]ithout conceding his or her disqualification, . . . request any other judge agreed upon by the parties to sit and act in his or her place.' (§ 170.3, subd. (c)(2).) The second option is to timely 'file a consent to disqualification in which case the judge shall notify the presiding judge . . . of his or her recusal' and the presiding judge appoints a replacement. (§ 170.3, subd. (c)(3).) The third option is to 'file a written verified answer admitting or denying any or all of the allegations contained in the party' statement and setting forth any additional facts material or relevant to the question of disqualification.' (*Ibid*.)" (*Hayward v. Superior Court*, *supra*, 2 Cal.App.5th at p. 36, footnote omitted.) When no answer is filed in response to a statement of disqualification, the facts set out in the statement are taken as true. (*Urias*, *supra*, 234 Cal.App.3d at p. 424.)

20

Here, Judge Mock appeared to have chosen the second option by initialing next to a line on a form stating that he disqualified himself under section 170.1, although he did not specify the basis for his disqualification (see Cal. Code Jud. Ethics, canon 3E(2) [trial judge required to disclose on the record "information that is reasonably relevant to the question of disqualification under Code of Civil Procedure section 170.1, even if the judge believes there is no actual basis for disqualification"]; *Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 671, 672-673 [citing canon 3E(2)]).

According to section 170.3, subdivision (b)(4): "If grounds for disqualification are first learned of or arise after the judge has made one or more rulings in a proceeding, but before the judge has completed judicial action in a proceeding, the judge shall, unless the disqualification be waived, disqualify himself or herself, but in the absence of good cause the rulings he or she has made up to that time shall not be set aside by the judge who replaces the disqualified judge." (See *Hernandez v. Vitamin Shoppe Industries Inc.* (2009) 174 Cal.App.4th 1441, 1450 [judge's ruling at hearing was valid even though comments that led to prospective disqualification for appearance of bias were made at that hearing].)

Relief is available to a party who, with due diligence, discovers the grounds for disqualification only after judgment is entered or appeal filed. (*Urias, supra,* 234 Cal.App.3d at pp. 424-425; *Betz v. Pankow*, *supra*, 16 Cal.App.4th at p. 940.) However, "[a] party who seeks to declare a judgment void on the ground the judge was disqualified must allege and prove facts which clearly show that such disqualification existed." (*Urias*, at p. 424.) For purposes of determining whether the judge was disqualified, the disqualification occurs at the time the facts creating disqualification arose, not when disqualification is established. (*Tatum v. Southern Pacific Co.* (1967) 250 Cal.App.2d 40, 43.) In other words, "it is the *fact* of disqualification that controls, not subsequent judicial action on that disqualification." (*Christie v. City of El Centro*, *supra*, 135 Cal.App.4th at p. 777.)

21

B. *Analysis*

Plaintiff contends Judge Mock's disqualification pursuant to section 170.1 rendered his previous rulings and orders in the case voidable. In support, she relies on *Urias*, which she asserts stands for the general proposition that "orders . . . issued by a disqualified judge prior to disqualification are voidable." She argues that that rule comports with an earlier opinion *In re Christian J.* (1980) 155 Cal.App.3d 276, 280.

We conclude plaintiff has failed to establish good cause for voiding the attorney fees award. First, while we recognize that Judge Mock disqualified himself pursuant to an unidentified subdivision of section 170.1, no basis for disqualification under that statute appears in the record.[15] Plaintiff's statement of disqualification does not assert any basis for disqualification under section 170.1, and the record does not reflect that Judge Mock disclosed any "information that is reasonably relevant to the question of disqualification under Code of Civil Procedure section 170.1, even if the judge believes there is no actual basis for disqualification." (Cal. Code Jud. Ethics, canon 3E(2).) Accordingly, plaintiff has not shown that the order awarding attorney fees must be vacated on the basis that Judge Mock was disqualified under section 170.1 at the time of the ruling.[16]

Further, regarding section 170.1, subdivision (a)(6)(A), plaintiff's statement of disqualification fails to establish the appearance of bias. "The weight of authority supports that where, as here, the relevant facts are undisputed, a de novo review standard applies to a section 170.1(a)(6)(A)(iii) challenge to a claimed appearance of partiality."

---

[15] We will address section 170.1, subdivision (a)(6)(A) separately, *post*.

[16] We note that Judge Mock had a duty to sit where not disqualified, which is a duty "equally as strong as the duty not to sit when disqualified." (*Haworth, supra,* 50 Cal.4th at p. 392.) The propriety of Judge Mock's recusal is not before us; rather, the issue before us is whether plaintiff has established good cause to vacate the attorney fees award.

(*Wechsler v. Superior Court* (2014) 224 Cal.App.4th 384, 391-392.) A party alleging bias has a heavy burden and must " 'clearly' " establish the appearance of such bias. (*Haworth, supra,* 50 Cal.4th at p. 389; see *Mt. Holyoke Homes, L.P. v. Jeffer Mangels Butler & Mitchell, LLP* (2013) 219 Cal.App.4th 1299, 1311.) "[T]he appearance-of-partiality 'standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." ' " (*Haworth, supra,* 50 Cal.4th at p. 389.)

Plaintiff based her motion for recusal on what she perceived as unfair treatment by the trial judge at the hearing on Hotel Winters's motion for attorney fees, including that Judge Mock denied her opportunity to amend her complaint, did not provide her with enough time to argue why her motions should not be stayed pending appeal but provided opposing counsel with ample time to argue for attorney fees, and made legal rulings with which she disagreed. None of these arguments support recusal under section 170.1, subdivision (a)(6)(A). (See *Department of Forestry & Fire Protection v. Howell* (2017) 18 Cal.App.5th 154, 203 [erroneous rulings against a party not grounds for disqualification], disapproved on other grounds, *Presbyterian Camp & Conference Centers, Inc. v. Superior Ct.* (2021) 12 Cal.5th 493; *Conservatorship of Tedesco* (2023) 91 Cal.App.5th 285, 306 [opinions formed by judge on the basis of facts introduced or events occurring in the court of the proceedings do not constitute basis for a bias or partiality motion "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"; judge's critical, disapproving, or even hostile remarks made to parties during course of trial ordinarily do not support challenge for cause]; *Dietrich v. Litton Industries, Inc.* (1970) 12 Cal.App.3d 704, 719 ["Erroneous rulings against a litigant, even when numerous and continuous, do not establish a charge of bias and prejudice"]; *Magana v. Superior Court* (2018) 22 Cal.App.5th 840, 857 [judge's questioning why attorney was repeatedly late and admonishing attorney for improperly engaging in ex parte communications with court did not support attorney's bias claim].)

23

The cases plaintiff relies upon in her brief do not support her position. In *Urias*, a judgment was ineffective and was subject to attack by the plaintiff after the action had concluded because the judgment was entered by a judge whose former law firm represented the defendant in the action. (*Urias, supra*, 234 Cal.App.3d at pp. 423-424.) But unlike that case, where grounds for disqualification were present, here the record includes no basis for disqualification.

In *In re Christian J., supra*, 155 Cal.App.3d 276, the prosecutor filed a peremptory challenge against the trial judge, and the minor expressed satisfaction with the judge at the hearing to determine whether or not the disqualification was valid. The trial court denied the challenge, and the minor participated in the trial. The reviewing court concluded the actions of the disqualified judge were "at most voidable if properly raised by an interested party," but that disqualification could be waived by the parties and was waived by the minor. (*Id.* at pp. 278, 280.) That case has no relevance to the facts before us.

Although Judge Mock disqualified himself, plaintiff has failed to "allege and prove facts which clearly show that such disqualification existed" at the time the court awarded attorney fees. (*Urias, supra*, 234 Cal.App.3d at p. 424.) Accordingly, there is no basis upon which to vacate the attorney fees award.[17]

## DISPOSITION

The trial court order awarding Hotel Winters's motion for attorney fees is affirmed. Hotel Winters shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

---

[17] Plaintiff raises other arguments, including bad faith on the part of opposing counsel, trial court error in sustaining Hotel Winters's demurrers without leave to amend, the trial court's failure to address her motion to vacate, and the stay of her case against other defendants not at issue in this appeal. These arguments are not relevant to the attorney fees award that is the subject of this appeal, and we need not and do not address them.

                                                                /s/
                                                                Duarte, J.

We concur:

      /s/
Robie, Acting P.J.

      /s/
Wiseman, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.